**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| DEMARCO et al. | : | NO. 10-790 |

**Baylson, J.**                                                                                                  **February 7, 2013**

## MEMORANDUM AND ORDER RE: RESTITUTION

The Court held a recorded telephone conference with counsel for defendants in this case on the topic of restitution on February 5, 2013. The Court expressed concerns that counsel were spending unnecessary time on negotiating and briefing, concerning restitution amounts and other restitution details, before the Court enters a final restitution Order. The amount of loss in this case is over $17 million. See the Court's Memorandum of November 7, 2012 (ECF 150). The defendants all have court appointed counsel, indicating that they have taken oaths of poverty. The presentence reports of all defendants indicate that they have virtually no liquid assets. Although some of them have some real estate assets, inasmuch as all the defendants are in prison serving lengthy prison terms for their egregious, fraudulent scheme, victimizing hundreds of innocent people, defendants are not in a position to sell the real estate or raise money to pay restitution.

For this reason, the Court has concluded that it is inappropriate for court appointed counsel to be spending time for which they expect to be compensated at CJA rates on the topic of restitution. The Court believes that any defense counsel attempts to modify the restitution to be ordered in this case is a waste of time. Accordingly, at the conclusion of the telephone conference, the Court ordered defense counsel not to spend any more time on restitution for which they expect to be the subject of attorneys' fee petitions.

The Judiciary's funds for court appointed counsel are not unlimited. These defendants have admitted their guilt and owe their victims huge amounts for their losses. It is doubtful that any victim will receive a single dollar from defendants. "Fine tuning" the amount owed by a particular defendant in this case is not a necessary part of defense counsel's representation and is not an appropriate use of CJA funds.

Compensation for issues pertaining to restitution after February 5, 2013 will not be included in an award of attorneys' fees. The Court may *sua sponte* reject portions of fee petitions which request payment for time spent on restitution following the sentencing hearing.

The appointment of an attorney under the CJA is a privilege, under supervision of the Court. Court appointed defense counsel are expected to be vigorous in defense of indicted defendants, who are presumed innocent. Once a defendant has been found, or pled, guilty, and has been sentenced, the time appointed counsel spends, for which they expect to be compensated, must have some legal, practical and pragmatic purpose. In this case, motions, briefs and negotiations over restitution serve no purpose. Settled law is clear that restitution may be a "reasonable estimate" and exactitude is not necessary.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**Michael M. Baylson, U.S.D.J.**

O:\CRIMINAL CASES\10-790 DEMARCO, US\10CR790.TCATTYFEES.DOCX